UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISABEL MARIE MARCANO,

                        Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/2024__

23 CIV 5553 (NSR)(JCM)

**ORDER AND OPINION**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Isabel Marie Marcano ("Plaintiff") brings this action under 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act'). (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") to issue a Report and Recommendation ("R & R"). (ECF No. 7.)

Now before the Court is MJ McCarthy's R & R (ECF No. 15), recommending that Plaintiff's motion for judgment on the pleadings ("Plaintiff's Motion", ECF No. 11) be denied and the Commissioner's decision be affirmed. Plaintiff timely filed objections to MJ McCarthy's R & R on July 8, 2024. ("Pltf.'s Obj.", ECF No. 16.) The Commissioner filed a response on July 18, 2024. (ECF No. 17.) For the following reasons, the Court adopts MJ McCarthy R & R in its entirety and DENIES Plaintiff's Motion.

The Court presumes familiarity with the factual and procedural background of this case, including the entire administrative record and the facts surrounding Plaintiff's medical history.

**LEGAL STANDARDS**

### I.    Standard of Review

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*.  28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## II.     Disability Benefits

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the Administrative Law Judge ("ALJ") is required

to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment "meets or equals a listed impairment in Appendix 1" of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (*see* paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine whether he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

## DISCUSSION

Plaintiff offers a single argument for why the Court should not adopt the R & R—namely, that "the ALJ failed to consider the number of monthly absences and time off task that [P]laintiff will have as a result of her impairments and treatment." (Pltf.'s Obj. at 2.) In particular, Plaintiff contends that the ALJ failed to reconcile the opinions of Dr. Joshua Goldstein, Dr. L. Haus, and Dr. E. Kamin that Plaintiff is moderately limited in her ability to attend to a routine, with the vocational expert's testimony that an individual cannot be absent more than one day per month or off-task more than 20% of the time. (*Id.* at 3-4.) But Plaintiff raised precisely this argument before

MJ McCarthy (*see* Plaintiff's Memorandum of Law in Support of the Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12 at 20-24), who found that the ALJ had adequately considered the medical opinion and appropriately concluded that "the medical evidence supported a finding that Plaintiff only had a moderate limitation in her concentration and attending to a routine, because her medication sufficiently controlled her symptoms," (R & R at 27). Plaintiff argues that the ALJ failed to "provide a proper explanation for the basis of his findings," (Pltf.'s Obj. at 5), but, again, as explained by MJ McCarthy, the ALJ "provided numerous, record-based reasons for his decision recommending that Plaintiff can perform some work despite having 'moderate limitations for attending to a routine'," (R & R at 31) (citation omitted). Finally, Plaintiff claims that the ALJ failed to factor Plaintiff's history of missing appointments into his determination of whether she could maintain a regular work schedule (Pltf's Obj. at 6), but, as MJ McCarthy noted, the ALJ considered this very history, "but found it to be unreliable," (R & R at 28).

In sum, Plaintiff's objections "rehash[] the same arguments set forth in her brief before the magistrate judge," and, as a result, this Court reviews the R & R only for clear error. *See Belen v. Colvin*, No. 14CIV6898PGGJCF, 2020 WL 3056451, at *3 (S.D.N.Y. June 9, 2020) (citation omitted); *see also Williams v. Comm'r of Soc. Sec.*, No. 15-CV-7526, 2017 WL 1483545, at *3 (S.D.N.Y. Apr. 25, 2017) (reviewing for clear error where the plaintiff only rehashes the same arguments set forth in the original memorandum); *Assenheimer v. Comm'r of Soc. Sec.*, No. 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Hernandez v. Comm'r of Soc. Sec.*, No. 13-CV-5625, 2015 WL 5122523, at *4 (S.D.N.Y. Aug. 31, 2015) (same), *aff'd*, 669 F. App'x 599 (2d Cir. 2016); *Weinrauch v. N.Y. Life Ins. Co.*, No. 12-CV-5010, 2013 WL 1100809, at *2 (S.D.N.Y. Mar. 18, 2013) (same). After carefully reviewing the relevant filings in this action,

the Court can find no error in MJ McCarthy's conclusion that "the ALJ did not err in finding that Plaintiff could perform 'simple and routine work that is not done at a production rate pace.'" (R & R at 31) (citation omitted).) MJ McCarthy employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Accordingly, the Court DENIES Plaintiff's Motion. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 11 and the case.

Dated: October 21, 2024                              SO ORDERED:
      White Plains, New York

_____
NELSON S. ROMÁN